IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. EARLEY<br><br>    Plaintiff,<br><br>    v.<br><br>STATE FARM FIRE MUTUAL INSURANCE COMPANY et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 25-03287-KSM |

MEMORANDUM

**MARSTON, J.**                                                                                            November 24, 2025

Pro se Plaintiff William M. Earley brings claims for breach of contract, violations of Pennsylvania's Unfair Trade Practices Act, and Pennsylvania's Unfair Insurance Practices Act against State Farm Mutual Insurance Company ("State Farm") and Keesha Lu Mitra SVP ("Mitra").[1]  (*See* Doc. No. 1-3.)  Defendants removed the case from the Court of Common Pleas for Montgomery County on June 27, 2025.  (Doc. No. 1.)  Presently before the Court is Defendants' motion to dismiss (Doc. No. 11), which seeks dismissal of Earley's Complaint in its entirety.  Earley has not responded to the motion despite repeated notices.  (Doc. Nos. 10, 15, 16.)  For the following reasons, the motion is granted.

I.     **FACTUAL BACKGROUND**

At some time in 2024, Earley's property at 520 Anthwyn Road, Lower Merion, Pennsylvania, experienced "two separate and unrelated weather events."  (Doc. No. 1-3 at 5.)  As

---

[1] Defendant Keesha Lu Mitra is not identified in the Complaint. She is only identified by name in the case caption.

Earley avers, the "two incidents were weeks apart and from different sources,[2] yet State Farm only assigned a single claim number for these two events." (*Id.* at 5.)  In response, Earley brings three claims against State Farm and Mitra.  First, he brings a claim for breach of contract on the grounds that State Farm "failed to fulfill its obligations with a rigorous, timely, and thorough investigation" of the incidents.  (*Id.* at 6.)  Second, Earley brings a Pennsylvania Unfair Trade Practices Act claim on the grounds that State Farm made "[d]eliberate efforts to confuse or promote misunderstanding by refusing to separate two events into two distinct claims." (*Id.* at 7.)  Earley also alleges that State Farm failed to "perform up to the highest industry standards." (*Id.*)  Finally, Earley brings a claim under the Pennsylvania Unfair Insurance Practices Act (*Id.* at 9), alleging that State Farm's conclusions as to "the effect of the wind burst and damage" were "speculative, unsure, and vague."[3] (*Id.*)  He asserts damages totaling $37,000.[4] (*Id.* at 11.)

## II.   PROCEDURAL HISTORY

Earley filed this lawsuit in the Pennsylvania Court of Common Pleas for Montgomery County on March 3, 2025.  (Doc. No. 1-3 at 11.)  On June 27, 2025, Defendants removed the case to federal court (Doc. No. 1), and on July 7, 2025, they filed a motion to dismiss.  (Doc. No. 9.)

On July 8, 2025, the Court held a conference to discuss whether the parties had met and

---

[2] Contradicting this claim, Earley's "Chronology" attached to his Complaint describes the incident dates as "March 3 thru 5, 2024." (Doc. No. 1-3 at 4.)

[3] Earley's Complaint does not include his State Farm incident report or specific allegations regarding State Farm's ultimate decision in his case.

[4] Defendants removed this matter to federal court alleging that the parties are diverse and "that the amount in controversy exceeds $75,000 based on Plaintiff's Complaint." (Doc. No. 1 at ¶ 7.) Defendants' notice of removal attests that the amount in controversy exceeds $75,000 based on a combination of factors including Plaintiff's demand for attorney's fees, the possibility of treble damages being awarded under the Unfair Trade Practices Act and Consumer Protection Law, and the aggregation of Plaintiff's separate claims. (*See* Doc. No. 1 at ¶ 13-26.)

conferred prior to the filing of Defendants' motion to dismiss. Defense counsel represented that she had attempted to reach Earley, but he had not responded. The Court directed the parties to meet and confer by July 23, 2025.[5] Earley informed the Court that he was attempting to find counsel to represent him because the attorney that had filed the underlying state court action was no longer representing him. The Court gave Earley until August 5, 2025 to obtain new counsel and until August 19, 2025 to respond to Defendants' motion to dismiss.[6] (Doc. No. 10.)

Before either deadline arrived, Earley emailed the Court, writing that "[d]espite my best efforts[,] I am unable to coordinate all the requirements of this case[,] and I [r]equest consideration from the court in this effort due to legal fees, interruptions and illness[.]" (Doc. No. 12.) In his letter, Earley also requested that the case be returned to state court because the damages he seeks are "less than $75,000." (*Id*.) In response, counsel for Defendants emailed the Court stating that Earley did not contact her regarding his email and attesting that State Farm did not agree that damages are less than $75,000.[7] (Doc. No. 13.)

Two weeks later, on August 15, 2025, Earley filed a document[8] asking the Court to remand his case to the Court of Common Pleas (Doc. No. 14), which the Court denied on August 19, 2025. (Doc. No. 15). In that Order, the Court *again* ordered Earley to respond to Defendants' motion to dismiss, this time, by August 26, 2025. (*Id*.) When Earley missed this

---

[5] After directing Earley to meet and confer with Defendants, the Court dismissed Defendants' initial motion to dismiss without prejudice and directed Defendants to refile if appropriate after their meet and confer. Ultimately, Defendants refiled their motion to dismiss on July 29, 2025. (Doc. No. 11.)

[6] The Court's July 8, 2025, Order (Doc. No. 10) warned Earley that if he is unable to retain counsel, the case will move forward with Plaintiff proceeding pro se and he must reply to Defendants' motion to dismiss by August 19, 2025.

[7] *See supra*, n. 4.

[8] Earley labeled this document a "stipulation", but it was not as State Farm did not agree with his request to remand.

new deadline for responding to Defendants' motion, the Court *sua sponte* extended the response deadline and ordered him to file a response by September 11, 2025. (Doc. No. 16.) That Order warned Earley that if he failed to respond, the Court could grant the motion to dismiss as uncontested under Local Rule 7.1. (*Id.* at n.1.) September 11 came and went without a response from Earley. To date, no attorney has entered an appearance on behalf of Earley and Earley has failed to file a response to Defendants' motion to dismiss.

## III.   DISCUSSION

When a party has failed to timely respond to a motion to dismiss within 14 days, the Court is authorized to grant the motion as uncontested. *See* Loc. R. Civ. P. 7.1(c) ("Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except as provided under Fed.R.Civ.P. 56."); *see also Fleming v. United States VA Med. Ctrs.*, 348 F. App'x. 737, 738 (3d. Cir. 2009) (affirming district court's grant of a defendant's motion to dismiss pursuant to Rule 7.1(c) as "within its authority," where the plaintiff failed to respond after approximately four weeks); *Abdulhay v. Abdulhayoglu*, No. 5:22-CV-02066-JMG, 2022 WL 6768194, at *3 n.3 (E.D. Pa. Oct. 11, 2022) ("It is within a district court's discretion to grant a motion to dismiss as unopposed pursuant to Local Civil Rule 7.1(c).").

That said, the Third Circuit generally disfavors the disposition of a motion to dismiss for failure to comply with a procedural rule. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) ("The fact is that if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with

the local court rule."). Instead, it is preferred that a district court undertake a merits analysis of the complaint, even if a plaintiff has failed to respond to a motion to dismiss. *See Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 226 (3d Cir. 2012) ("[M]otions to dismiss should not be granted without an analysis of the merits of the underlying complaint, notwithstanding local rules regarding the granting of unopposed motions."); *Stackhouse*, 951 F.2d at 30 ("[T]his action should not have been dismissed solely on the basis of the local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed.R.Civ.P. 12(b)(6).").

This general guidance notwithstanding, the Third Circuit has clarified that the Court's local rules are not entirely without force and effect:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.* Thus, our holding is not broad.

*Stackhouse*, 951 F.2d at 30 (emphasis added).

Here, Earley has failed to respond to Defendants' motion to dismiss despite the Court directing him to do so, *sua sponte* extending the response deadline, *and* warning Earley that failure to respond could result in dismissal of his case. (Doc. Nos. 10, 15, 16.) The Court is satisfied that, considering the procedural record described above, dismissal of the case against Defendants State Farm and Mitra is appropriate. *Contra. Gary*, 497 F. App'x at 226 ("While we have said that 'some cases' could be dismissed as unopposed, 'particularly if the party is represented by an attorney,' *or if the party failed to comply with a court's orders*, that is not the

situation here.  The District Court did not give Gary any notice that it was considering the sanction of dismissal for failure to comply with local procedure." (emphasis added)).

In granting a motion to dismiss under these circumstances, the Third Circuit has further instructed that "a district court must analyze the relevant factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), before concluding that the sanction of dismissal is warranted."  *Gary*, 497 F. App'x at 226; *see also Hernandez v. Palakovich*, 293 F. App'x 890, 895 (3d Cir. 2008) (rejecting "the proposition that a district court may dismiss a case without considering the *Poulis* factors whenever a plaintiff fails to comply with a briefing deadline").  The six *Poulis* factors outlined by the Third Circuit are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure [to participate in the prosecution of the case]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

727 F.2d at 868.  "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint."  *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).  The Court addresses these factors, in turn, below.

*(1)    Personal Responsibility.*  The first *Poulis* factor requires the Court to consider the extent to which Earley is personally responsible for failing to respond to the motion to dismiss.  Earley was notified three times that he needed to timely respond to Defendants' motion to dismiss.  (Doc. No. 10, 15, 16.)  And, because Earley is proceeding pro se, his failure to respond to Defendants' motions cannot be attributed to anyone but him.  *Malibu Media, LLC v. Paek*, Civil Action No. 13-2766, 2015 WL 779494, at *2 (E.D. Pa. Feb. 23, 2015) ("Because Defendant is proceeding *pro se*, he alone is responsible for his failure to comply with this

Court's orders."); *Jimenez v. Rosenbaum-Cunningham, Inc.*, Civil Action No. 07-1066, 2010 WL 1303449, at *6 (E.D. Pa. Mar. 31, 2010) (holding that the first *Poulis* factor weighed in favor of default judgment even though the defendant did not have counsel because "his *pro se* status [does not] excuse his failure to participate in the litigation" and he failed to present "any excuse for his non-participation in the litigation and his disregard of [the court's] Orders"). Given that Earley was provided multiple chances to respond and chose not to, the first factor weighs in favor of granting the motion to dismiss.

   *(2)* *Prejudice.* Next, the Court considers the prejudice that Earley's failure to respond has caused Defendants. A finding of prejudice in the context of *Poulis* does not require "irremediable harm," rather, "the burden imposed by impeding a party's ability to effectively prepare full and complete trial strategy is sufficiently prejudicial." *Williams-Bearden v. Clouser*, No. 4:20-cv-1495, 2021 WL 4743705, at *2 (M.D. Pa. Oct. 12, 2021) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). Plaintiff failed to respond to Defendants' motion to dismiss for over four months. (Doc. No. 11.) The Court's most recent Order imposed a deadline for Earley to respond by September 11, 2025–over two months ago. Earley's failure to respond to Defendants' motion "frustrate[d] and delay[ed] the resolution of this matter," thereby causing prejudice to Defendants' interest in a timely resolution of this case. *Williams-Bearden*, 2021 WL 4743705, at *2 (finding prejudice to the defendants where the plaintiffs failed to respond to motion to dismiss and/or summary judgment for almost six months); *Nieves*, 2022 WL 19350600, at *8 (finding prejudice where case had been pending for two years without resolution of motion to dismiss). As such, the Court finds that the second factor also weighs in favor of granting the motion to dismiss.

(3)     *History of Dilatoriness.*  The Court also considers whether Earley has engaged in a pattern of dilatory conduct throughout the course of the litigation.  *See Adams*, 29 F.3d at 875 ("A party's problematic acts must be evaluated in light of his behavior over the life of the case.").  "Conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness;" however, "extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or *consistent tardiness in complying with court orders*."  *Nieves*, 2022 WL 19350600, at *9 (cleaned up) (emphasis added).  Since the removal of this lawsuit by Defendants on June 27, 2025, Earley has failed to comply with three Orders requiring him to respond to Defendants' motion to dismiss.  The Court's most recent September 4, 2025, Order, reminded Earley that if he no longer wanted to pursue his lawsuit, he could file a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i).  Earley did not pursue this option and has been radio silent with the Court since he filed his request to remand the case to state court on August 15, 2025.  (Doc. No. 14.)

The Court recognizes that Earley is proceeding pro se.  Indeed, Earley's conduct up to this point has been "viewed liberally because he is a *pro se* litigant."  *Nieves*, 2022 WL 19350600, at *9.  Nevertheless, there is a limit to this liberal reading, and the Court's tolerance for the delays caused by Earley's delay has waned.  *See Williams-Bearden*, 2021 WL 4743705, at *2 ("The Court finds that [pro se] Plaintiffs have delayed this matter to the extent that [their] conduct constitutes a continuous stream of dilatory conduct.")  Thus, the Court finds that this factor also weighs in favor of the Defendants' dismissal.

(4)     *Willful or Bad Faith Conduct.*  The fourth factor requires the Court to assess whether Earley's failure to respond to the motion to dismiss was willful or in bad faith.  "Willfulness involves intentional or self-serving behavior, and not mere negligence."  *Nieves*,

2022 WL 19350600, at *9 (quoting *Adams*, 29 F.3d at 875).  A review of the docket shows that the Court's numerous Orders were sent to Earley at his address in Lower Merion, Pennsylvania, suggesting that he received each Order and has intentionally chosen not to comply.  Indeed, the fact that Earley attended a phone conference hearing with the Court on July 8, 2025, and filed a document asking the case be remanded, yet has not filed a responsive pleading further suggests he is aware of the Court's communications and Orders but actively not complying.  Accordingly, the Court finds that this factor also weighs in favor of dismissal.  *See Williams-Bearden*, 2021 WL 4743705, at *2 ("Here, Plaintiffs have violated the local rules, and have failed to comply with a Court order directing them to take specific action in this case, the Court is compelled to conclude that Plaintiffs' actions were not negligent, but instead reflect an intentional disregard for the Court's local rules and its order.  Thus, Plaintiffs' silence and failure to litigate this action lead to an inference that Plaintiffs have willfully abandoned this case.").

      (5)     *Effectiveness of Other Sanctions*.  The fifth factor, the effectiveness of other sanctions, also weighs in favor of dismissal.  The Court acknowledges that "[d]ismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal."  *Nieves*, 2022 WL 19350600, at *9 (citing *Poulis*, 747 F.2d at 868.)  Earley's failure to comply with the Court's numerous orders directing him to respond to Defendants' motion to dismiss supports the inference that further orders would not be effective. (*See, e.g.*, Doc. No. 16.)  *See Nieves*, 2022 WL 19350600, at *9; *Williams-Bearden*, 2021 WL 4743705, at *3; *see also Lurwick v. Lehigh Valley Health Network, Inc.*, No. CV 18-0981, 2019 WL 2060070, at *5 (E.D. Pa. May 9, 2019) ("When a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be

appropriate."). Therefore, the Court finds this factor weighs in favor of a sanction that grants the Defendants' motion to dismiss as uncontested.

(6) *Meritoriousness of Claims or Defenses.* Finally, the Court turns to the sixth factor. According to *Poulis*, "a claim will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." 747 F.2d at 870. The Court is confident in concluding that Earley does not have a meritorious claim against Defendants under the Pennsylvania Unfair Insurance Practices Act because it does not allow for a private cause of action. *See, e.g.*, *Excel Pharm. Servs., LLC v. Liberty Mut. Ins. Co.*, No. 18-CV-04804, 2019 WL 4393076, at *3 (E.D. Pa. Sept. 12, 2019). The Court is also confident that Earley does not have a meritorious claim under the Pennsylvania Unfair Trade Practices Act, formally referred to as the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). The UTPCPL governs pre-formation conduct such as actions taken in the sale of an insurance policy; claims cannot be based on a failure to perform contractual obligations. *See e.g., Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564–65 (E.D. Pa. 2016). Here, Earley's claims do not involve pre-formation conduct between State Farm, Mitra, and himself—and are thus outside of the scope of the UTPCPL. (*See generally* Doc. No. 1-3.) As for Earley's breach of contract claims, Earley has not provided the Court with any evidence of a valid contract between himself and Defendants State Farm and Mitra during the time period where he alleges the events giving rise to his claims took place. And, even if there is a valid contract between Earley and Defendants, Earley has not provided the court with a "short and plain statement" that articulates what specific provisions of the contract

were violated and why Earley is entitled to relief. Fed. R. Civ. P. 8(a)(2). Accordingly, this factor also weighs against dismissal.[9]

\* \* \*

Weighing these factors, the Court finds that Earley has abandoned his claims against Defendants; the Court's analysis of the *Poulis* factors leads us to conclude that dismissal of these claims is appropriate.

### IV.    CONCLUSION

For the reasons set out above, Defendants' motion to dismiss is granted. An appropriate Order follows.

---

[9] During the Court's Hearing with the parties on July 8, 2025, the Court learned that Earley had another related case in state court that has been closed. (*See* Doc. No. 17.)